[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.Rep.Op. 3(A).
 {¶ 2} In 1972, defendant-appellant George Vaughn was convicted of two counts of assault with intent to rape. On August 1, 2002, he was returned to the Hamilton County Court of Common Pleas for a sexual-offender-classification hearing pursuant to R.C. 2050.09(C). Vaughn has appealed from the judgment of the trial court adjudicating him a sexual predator.
 {¶ 3} Vaughn's first, second and third assignments of error, which allege that R.C. 2950.09 violates certain provisions of the state and federal constitutions, including the Ex Post Facto Clause of the United States Constitution, the prohibition against retroactive laws in Section28, Article II, of the Ohio Constitution, the Double Jeopardy Clause of the United States Constitution, and the Fourteenth Amendment's proscription against unconstitutionally vague laws, are overruled on the authority of State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291,700 N.E.2d 570, and State v. Williams, 88 Ohio St.3d 513, 2000-Ohio-428,728 N.E.2d 342.
 {¶ 4} Vaughn's fourth assignment of error alleges that the trial court's judgment adjudicating him a sexual predator was against the manifest weight of the evidence, and that his sexual-offender-classification hearing was not conducted in accordance with the model set forth in State v. Eppinger, 91 Ohio St.3d 158,2001-Ohio-247, 743 N.E.2d 881.
 {¶ 5} Before the trial court could adjudicate Vaughn a sexual predator, the state had to prove by clear and convincing evidence that Vaughn had pleaded guilty to or had been found guilty of a sexually-oriented offense, and that he was likely to engage in the future in one or more sexually-oriented offenses. See R.C. 2950.01(E)(1) and2950.09(B)(4). Vaughn was convicted of two counts of assault with intent to rape, which is a sexually-oriented offense. The issue for the trial court to determine was whether Vaughn was likely to commit another sexually-oriented offense in the future.
 {¶ 6} At the sexual-offender-classification hearing, the state presented the original indictments, the grand-jury transcripts and the police summaries from both cases. The state also presented Vaughn's criminal record, a court-clinic report, an additional clinic report, Vaughn's institutional record, a copy of the entry of a rape conviction and Vaughn's parole record. Vaughn testified that while he was incarcerated he had received a Bachelor of Arts degree, an Associate of Science degree and an Associate of Arts degree. Vaughn stated that he was participating in a sexual-offender treatment program at the time of the hearing.
 {¶ 7} The record reveals that the trial court complied with theEppinger model for sexual-offender-classification hearings. In reviewing the evidence submitted in the context of the R.C. 2950.09(B)(3) factors, the trial court found that (1) Vaughn was fifty-seven years old at the time of the hearing; (2) Vaughn had committed a series of violent and sexually-oriented offenses including robbery, forcible rape, assault, kidnapping, aggravated assault and rape, in Ohio and Georgia; (3) the victims of the most recent crimes were nineteen and twenty-two years of age at the time of the offenses; (4) the offenses involved multiple victims; (5) Vaughn did not use alcohol or drugs to impair his victims; (6) Vaughn used or threatened the use of force by a firearm; (7) Vaughn was participating in a program for sexual offenders; (8) there was no demonstrated pattern of abuse; and (9) Vaughn had displayed or threatened cruelty by use of the firearm. The trial court further noted that a court-ordered clinical evaluation placed Vaughn in the "high" risk level for sexual re-offending.
 {¶ 8} Following a review of the record, we hold that the trial court had sufficient evidence before it to create a firm belief that Vaughn was "likely to engage in the future in one or more sexually-oriented offenses." See R.C. 2950.01(E)(1); State v. Eppinger, supra. We hold that there was clear and convincing evidence to support the trial court's determination that Vaughn is a sexual predator. The fourth assignment of error is overruled.
 {¶ 9} Therefore, the judgment of the trial court is affirmed.
 {¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Painter, JJ.